1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   THOMAS L. GOFF,

11              Petitioner,              No. CIV S-11-3410 WBS GGH P

12        vs.

13   M. SALINAS, Warden,

14                                       ORDER AND
                Respondent.              FINDINGS AND RECOMMENDATIONS
15   _____/

16   I. Introduction

17              Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.  Presently pending before the court is respondent's motion

19   to dismiss for failure to exhaust, untimeliness, and because certain state law challenges are not

20   cognizable in habeas, filed June 29, 2012,[1] and petitioner's motion for reconsideration of his

21   request for appointment of counsel, filed December 5, 2012.

22   \\\\\

23   \\\\\

24   \\\\\

25   _____

26        [1]  In addition to his opposition, filed August 8, 2012, petitioner filed a "denial and
     exception to the respondent's motion to dismiss" on November 18, 2012, which the court
     declines to consider because it is untimely.

II.  Analysis

    A.  Motion for Reconsideration

        Petitioner requests that this court reconsider its prior ruling of September 11, 2012, denying his request for appointment of counsel.

        Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process.  Thus Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion."  The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice."  Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

        Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment."  Costello v. United States, 765 F.Supp. 1003, 1009 (C.D. Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).  These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency."  Costello, 765 F.Supp. at 1009.

        Petitioner claims that he needs counsel because a previous motion he filed was denied by the court as inapposite and untimely; he has been harassed by CDCR; he has been moved more than four times since he filed the instant petition; his legal paperwork has been

1   mixed up, stolen, tampered with and delayed; and his access to the law library has been blocked.

2   Although such assertions may be relevant to a new civil rights complaint, and certainly do not

3   assist petitioner in prosecuting his petition, they are presently not cause for appointment of

4   counsel.  The undersigned finds no change in the circumstances of this case sufficient to warrant

5   reversing its prior order.  See below.  Therefore, petitioner's motion is denied.

6       B.  Motion to Dismiss

7           Respondent moves to dismiss on the basis that these claims are unexhausted, that

8   even if petitioner were permitted to exhaust, the statute of limitations already expired and it could

9   not be tolled or restarted, and that petitioner's state law challenges are not cognizable in federal

10  habeas.

11          The exhaustion of state court remedies is a prerequisite to the granting of a

12  petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion  is to be waived, it

13  must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of

14  exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion

15  requirement by providing the highest state court with a full and fair opportunity to consider all

16  claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971);

17  Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

18          It is not enough that all the facts necessary to support the federal claim were

19  before the state courts, Picard, at 277, 92 S.Ct ., at 513, or that a somewhat similar state-law

20  claim was made.  See Duncan v. Henry, 513 U.S. 364, 366, 115 S.Ct. 887 (1995).  The habeas

21  petitioner must have "fairly presented" to the state courts the "substance" of his federal habeas

22  corpus claim.  Picard, supra, 404 U.S. at 275, 277-278, 92 S.Ct. at 512, 513-514.  See also, Rose

23  v. Lundy, 455 U.S. 509, 102 S .Ct. 1198, 1204 (1982).

24          Petitioner has the burden of proving exhaustion of state court remedies and in

25  California a petitioner must present his claims to the California Supreme Court.  Cartwright v.

26  Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981); Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir.

1   1986).

2          Petitioner raises four claims in the instant federal petition in connection with a

3   disciplinary infraction for "forgery/falsification of documents (not affecting term of

4   imprisonment)," for which he was assessed forfeiture of sixty day credits: 1) denial of staff

5   assistant to help collect evidence and obtain discovery for defense of charges;  2) denial of ability

6   to call witnesses, ask questions, and collect evidence for defense; 3) inability to prepare defense

7   due to being held in administrative segregation; and 4) petitioner was not given a final copy of

8   his 115 RVR hearing until 07-15-10 (see RVR Part C Supplemental) which sever[e]ly delayed

9   his due process timely appeal.

10          These claims were raised through the internal administrative appeals process to

11   the final level of review; however, petitioner concedes that he filed habeas petitions only through

12   the state appellate court, and did not file a habeas petition in the California Supreme Court.[2]

13   (Doc. 1 at 48, 91; Resp.'s Mot., Ex. 6; Opp. at 2.)  Thus, the petition should be dismissed as

14   unexhausted.

15          For this reason, the court declines to address respondent's other grounds for relief.

16   III.  Conclusion

17          Accordingly, IT IS ORDERED that: petitioner's motion for reconsideration, filed

18   December 5, 2012, (doc. no. 28), is denied.

19          IT IS HEREBY RECOMMENDED that:

20          1.  Respondent's motion to dismiss, filed June 29, 2012, (doc. no. 18), be granted

21   for failure to exhaust state court remedies; and

22          2.  The Clerk of Court be directed to close this action.

23

24          [2] Petitioner did file a petition for writ of mandate with the California Supreme Court
     prior to filing his habeas petition with the state appellate court, which sought an order reversing
25   the Rule Violation Report and restoring his credits.  (Resp.'s Mot., Ex. 3.)  However, this is not a
     procedure likely to be utilized to review the merits of an action in habeas corpus.  Thus, this
26   filing for a writ of mandate does not exhaust the claims.  See Castille v. Peoples, 489 U.S. 346,
     351, 109 S.Ct. 1056 (1989).

1        These findings and recommendations are submitted to the United States District

2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

3   days after being served with these findings and recommendations, any party may file written

4   objections with the court and serve a copy on all parties.  Such a document should be captioned

5   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6   shall be served and filed within seven days after service of the objections.  The parties are

7   advised that failure to file objections within the specified time waives the right to appeal the

8   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9   DATED: January 31, 2013

10

11                  /s/ Gregory G. Hollows
              UNITED STATES MAGISTRATE JUDGE

12

13

14

15  GGH:076/Goff3410.exh.wpd

16

17

18

19

20

21

22

23

24

25

26